

# The Attorney General of Texas

June 16, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Richard G. Morales, Sr.
Webb County Attorney
1810 San Bernardo
Laredo, Texas    78040

Opinion No.  MW-479

Re:   Whether  a  teacher  with
the Laredo Independent School
District  is  disqualified  from
serving   on   the   Coordinating
Board,   Texas   College   and
University System or the State
Board of Education

Dear Mr. Morales:

You  have  asked  whether  a  teacher  from  the  Laredo  Independent
School District is disqualified from serving on the Coordinating Board
of the Texas College and University System by section 61.022 of the
Texas Education Code, whether section 11.22 of the code disqualifies a
teacher employed by Laredo Junior College from serving on the State
Board of Education,  and,  in  the  event  the  answers  to  the  above
questions are yes, whether either section 11.22 or 61.022 violates the
civil rights of a teacher or is a deprivation of equal protection.

Section 61.022 of the Texas Education Code is very specific on
the issue of educators serving on the Coordinating Board of the Texas
College and University System.  It states, in relevant part:

> No  member  may  be  employed  professionally  for
> remuneration in the field of education during his
> term of office.

The statute is plain and unambiguous;  the literal meaning must be
given  to  the  words.   Attorney  General  Opinion  MW-198  (1980).   A
teacher  works  in  the  "field  of  education"  and  is  therefore
disqualified  from  service  on  the  Coordinating  Board  of  the  Texas
College and University System.

Section  11.22  of  the  Texas  Education  Code  provides  the
qualifications  for  membership  on  the  State  Board  of  Education.
Section 11.22(b) states:

> No person shall be eligible for election to or
> serve on the board if he holds an office with the
> State  of  Texas  or  any  political  subdivision
> thereof, or holds employment with or receives any

> compensation for services from the state or any
> political subdivision thereof (except retirement
> benefits paid by the State of Texas or the federal
> government), or engages in organized public
> educational activity. (Emphasis added).

Laredo Junior College is a public junior college. Educ. Code
§61.003(2). A teacher at Laredo Junior College receives compensation
from a political subdivision of the state and takes part in an
"organized public educational activity." The language of the statute
is clear and capable of no other interpretation; any person who fits
into one of the listed categories is barred from service on the State
Board of Education. See Attorney General Opinion M-1290 (1972).

It has been argued that the 1972 amendment to article XVI,
section 40 of the Texas Constitution liberalized the application of
incompatibility provisions in the constitution, the statutes, and the
common law. However, the amendment makes only the following
exception:

> State employees or other individuals who receive
> all or part of their compensation either directly
> or indirectly from funds of the State of Texas and
> who are not State officers, shall not be barred
> from serving as members of the governing bodies of
> school districts, cities, towns, or other local
> governmental districts; provided, however, that
> such State employee or other individuals shall
> receive no salary for serving as members of such
> governing bodies. (Emphasis added).

Members of both the State Board of Education and the Coordinating
Board of the Texas College and University System are state officers.
See Educ. Code §§11.24, 61.021, 61.022; Freeman v. Dies, 307 F. Supp.
1028 (N.D. Tex. 1969). The exception to dual office holding is
limited to state employees serving in specified local offices.
Attorney General Opinion MW-149 (1980). See also Attorney General
Opinion H-739 (1975); WW-165 (1957).

Since our answer to your question is that service on the two
state boards is prohibited, we must determine if this prohibition
violates the civil rights of, or deprives equal protection to, a
teacher so barred.

The federal civil rights act has never been held to apply to the
"right to candidacy." See, e.g., Bullock v. Carter, 405 U.S. 134
(1972). See 42 U.S.C. §1981, Notes of Decisions.

We turn to the equal protection issue. We note initially that
section 11.22(b) of the Texas Education Code prohibits a described
class of persons from seeking a particular elective office. Section
61.022, on the other hand, merely limits the group from which the

governor may appoint a coordinating board member to persons who will not be "employed professionally for remuneration in the field of education" during the term of office. We will discuss section 11.22(b) first.

The Supreme Court has upheld election laws which classified candidates for purposes of access to the ballot on the ground that the classification served an "important state interest." Jenness v. Fortson, 403 U.S. 431 (1971) (petition procedure for independent candidates who had not won party primary). Compare Bullock v. Carter, supra (statute denying ballot access on basis of candidate's ability to pay large filing fees must be "closely scrutinized"). The existence of barriers to candidate access to the ballot will compel close scrutiny where such barriers have a substantial impact on voters, and where this impact is related to the economic resources of the candidate and electorate. Bullock v. Carter, supra, at 144.

State laws which restricted political candidacies of public employees, without discriminating on the basis of economic resources or other such impermissible considerations, have been subject to the "traditional" or "rational basis" standard of review. Morial v. Judiciary Commission of Louisiana, 565 F.2d 295 (5th Cir. 1977), cert. denied, 435 U.S. 1013 (1978); Wilson v. Moore, 346 F. Supp. 635 (N.D. W.Va. 1972). Such restrictions on public employees do not violate the equal protection clause unless they are unreasonably and obviously arbitrary and unless no conceivable factual situation would justify the apparently unequal treatment. Wilson v. Moore, supra, at 639. See also Morial v. Judiciary Commission of Louisiana, supra, at 304-06; Annot., 59 L.Ed.2d 852 (1979); Annot., 44 A.L.R. Fed. 306 (1979).

In our opinion, section 11.22 of the Education Code is subject to rational basis scrutiny, and a rational basis for its restrictions can be shown. Section 11.22(b) prohibits service on the State Board of Education by any person who holds office with the state or a political subdivision, or who receives compensation from any such governmental body. Letter Advisory No. 56 (1973) noted that under this provision a State Board of Education member represents a particular district in addition to serving as a state official whose decisions have statewide effect. His duties are therefore twofold, allowing less time for other public activities and offering more opportunities for conflict of interest to arise. Moreover, the extensive activities of a member of the State Board of Education could create conflicts of interest if he served the state or a political subdivision as an officer or employee, or received any compensation therefrom. See also Educ. Code §§135.03, 135.04 (State Board of Education approves junior college vocational education programs); Attorney General Opinion H-580 (1975). These interests provide a rational basis for section 11.22(b) of the Education Code.

Section 61.022 of the Texas Education Code prevents the appointment to the Coordinating Board of any person "employed

professionally for remuneration in the field of education during his term of office." This provision, which concerns an appointive office, does not restrict anyone's candidacy to elective office or have an impact on the electorate's choice of a candidate. Since the voters' and candidate's interests form the basis of equal protection attacks on ballot access requirements, the Supreme Court cases on this subject are not necessarily applicable. Section 61.022 need only meet the usual rational basis test. If any state of facts will sustain the statute, it will be presumed the legislature had those facts in mind when it enacted the statute. McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802 (1969); Ex parte Tigner, 132 S.W.2d 885 (Tex. Crim. App. 1939).

The Coordinating Board has considerable direct control over state institutions of higher education, including junior colleges. Educ. Code §§61.051-.0631. It is also required to encourage cooperation between public and private institutions, and to consider the availability of degree and certificate programs in private institutions of higher education in determining programs for public institutions. Educ. Code §61.064. Thus, even an educator employed by a private institution of higher education could find that his responsibilities as a member of the Coordinating Board conflict with his interests in his employment. The Coordinating Board also is empowered to order the initiation, consolidation, or elimination of teacher certification programs at institutions of higher education. Educ. Code §61.051(e). See also Educ. Code §13.039(a). This power would have some impact on the supply of teachers for public elementary and secondary schools and the private institutions that compete with them. Consequently, we believe there is a rational basis for the prohibition in section 61.022, and that it does not violate the equal protection clause.

## S U M M A R Y

Section 61.022 of the Texas Education Code prohibits teachers employed by school districts from serving on the Coordinating Board of the Texas College and University System; section 11.22 of the code bars teachers employed in a public junior college from serving on the State Board of Education. The classifications created by the legislature do not violate the civil rights of, or deprive equal protection to, a teacher so barred.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison &
Patricia Hinojosa
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger